Ed T. REUSCHER, III, Appellant,

v.

STATE of Missouri, Respondent.

No. 76268.

Supreme Court of Missouri,
En Banc.

Nov. 22, 1994.

Rehearing Denied Dec. 20, 1994.

Sean D. O'Brien, Kansas City, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., John Simon, Asst. Atty. Gen., Jefferson City, for respondent.

HOLSTEIN, Judge.

This action was filed by Ed T. Reuscher, III, as a motion for post-conviction relief under Rule 29.15. This Court concludes that the petition was untimely for the purposes of relief being granted under Rule 29.15 and that no error was committed in dismissing the motion. Other issues are raised in the pleadings not cognizable in a Rule 29.15 proceeding. Affirmed.

I.

There was no evidentiary hearing on movant's Rule 29.15 motion. The facts recited are extracted from the pleadings before the circuit court.

Reuscher was convicted of first degree murder in the circuit court of Clay County and was sentenced to death on January 11, 1991. In March of 1991, Reuscher wrote a letter to his trial attorney, Robert G. Duncan, requesting copies of briefs, the court file, and the trial transcript from his case. He also asked if Mr. Duncan would be filing a Rule 29.15 motion and whether the court reporter had completed the trial transcript. Mr. Duncan responded by letter in April of 1991 and stated:

> The court reporter does not have your transcript prepared yet and has requested that I secure an extension of time until July 1, 1991. Certainly I am going to do so. Second of all, if you desire to file a Motion under Rule 29.15, I will be most happy to prepare it for you for your signature if you will tell me what grounds you want raised or you may certainly file one prose [sic].

Mr. Duncan then requested an extension to file the transcript until July 1, 1991, and received an extension until May 15, 1991. The transcript was filed on May 15, 1991. However, Reuscher was not informed that the transcript was filed. The pleadings do not disclose whether Reuscher requested Mr. Duncan to prepare the motion pursuant to Rule 29.15. It is questionable Mr. Duncan could ethically honor such a request in any event.

The post-conviction motion asserts that on July 9, 1991, Reuscher wrote Mr. Duncan and inquired again about the copy of the transcript and filing a Rule 29.15 motion. Mr. Duncan, in a letter dated July 15, 1991, informed Reuscher that his transcript was filed on May 15, 1991, and it was too late to file a Rule 29.15 motion. In a later affidavit, Mr. Duncan stated,

> Through inadvertence, I failed to notify Ed Reuscher of the filing of the transcript. Nor did I notify [him] that the Supreme Court had only extended the time for filing the transcript until May 15, 1991.... Mr. Reuscher has been in custody since his arrest and had no way of knowing the transcript was filed on May 15, 1991.

Reuscher's conviction of first degree murder and sentence of death were affirmed by this Court on March 24, 1992. *State v. Reuscher,* 827 S.W.2d 710 (Mo. banc), *cert. denied,* — U.S. ——, 113 S.Ct. 114, 121 L.Ed.2d 71 (1992).

Reuscher filed a *pro se* motion under Rule 29.15 on October 22, 1992, nearly seven months after his appeal was decided. Counsel was appointed and an amended Rule 29.15 motion was filed.

The Rule 29.15 amended motion makes numerous assertions of ineffective assistance of counsel. Most are allegations that counsel was ineffective in representation in matters leading up to the conviction and sentence. A second category of complaints has to do with ineffective assistance in matters involving Mr. Duncan's failure to give notice of filing the transcript on appeal. A third category of these complaints concerns Mr. Duncan's ineffectiveness on appeal because of a conflict of interest and because of counsel's failure to raise certain claims on appeal. The amended Rule 29.15 motion asserts that the prosecuting attorney failed to disclose exculpatory evidence indicating Reuscher was not present when the homicide occurred and that the state knowingly elicited false testimony tending to establish movant's presence at the scene of the homicide. Finally, the motion asserts a long list of trial errors which movant claims violated his constitutional rights.

On May 17, 1993, the circuit court dismissed the post-conviction relief motion on the ground that it was untimely because it was filed more than thirty days after the transcript on appeal was filed. Reuscher then appealed the dismissal.

## II.

■ Movant's exclusive remedy for seeking relief from constitutional violations relating to his conviction and sentence are found in Rule 29.15. *See Rule 29.15(a)*. The post-conviction motion must include every ground known to the movant for vacating, setting aside or correcting the conviction or sentence. *Rule 29.15(e)*. The time limits for bringing such action are valid and mandatory. *Day v. State*, 770 S.W.2d 692, 695 (Mo. banc), *cert. denied sub nom. Walker v. Missouri*, 493 U.S. 866, 110 S.Ct. 186, 107 L.Ed.2d 141 (1989). Rule 29.15 cannot be used to obtain post-conviction review of matters which were or should have been raised on direct appeal. *State v. Tolliver*, 839 S.W.2d 296, 298 (Mo. banc 1992). There is no constitutional right to a state post-conviction proceeding, nor is there a constitutional right to effective counsel for the purpose of filing an initial motion for post-conviction relief. *Smith v. State*, 887 S.W.2d 601 (Mo. banc 1994), and *Bullard v. State*, 853 S.W.2d 921, 923 (Mo. banc 1993), *cert. denied*, —— U.S. ——, 114 S.Ct. 475, 126 L.Ed.2d 426 (1993).

■ Applying the above principles here, the trial, conviction and sentence had already occurred when the transcript on appeal was filed. Mr. Duncan's failure to notify movant of the filing of the transcript necessarily occurred after the conviction and sentence and was extraneous to his duty of representation of movant in matters leading up to and including the conviction and sentence. Thus, the complaint that Mr. Duncan provided ineffective assistance *at trial* in failing to notify movant of the date of filing of the transcript on appeal is unreviewable in a Rule 29.15 proceeding. Nothing in Rule 29.15 compels a movant to wait until the transcript on appeal is filed to seek relief. If he had complaints about Mr. Duncan's representation, movant could have filed his motion for post-conviction relief at any time after conviction and sentence. The claims that Mr. Duncan provided ineffective trial representation and that constitutional trial error occurred were raised too late and are procedurally barred. Assuming the claims that the state failed to disclose exculpatory evidence and that the state knowingly used false testimony were known by movant prior to the conviction and sentence, they are also barred.

## III.

Other matters are raised in the motion for post-conviction relief which are not reviewable in a 29.15 proceeding. The motion complains of ineffective assistance of appellate counsel. The motion also asserts that the state failed to disclose forensic evidence of blood stain analysis that would have been exculpatory to defendant and that the state knowingly elicited false testimony indicating defendant was present when the murder occurred. It is conceivable, although not alleged, that movant did not know of this con-

duct by the state until after the conviction and sentence.

 Generally, a claim of ineffective assistance of appellate counsel cannot be raised in a post-conviction motion. *Hemphill v. State,* 566 S.W.2d 200, 208 (Mo. banc 1978). An exception to this general rule existed under former Rule 27.26. *See Morris v. State,* 603 S.W.2d 938, 941 (Mo. banc 1980). Under the former rule, a post-conviction motion could be filed after the appeal was final. Thus, raising a question of effectiveness of appellate counsel in a post-conviction motion was at least possible. Because the current rule requires a motion for post-conviction relief to be filed prior to the time the appeal is perfected, claims of ineffective assistance of appellate counsel cannot be known and, therefore, cannot possibly be asserted in a timely filed Rule 29.15 motion. After adoption of Rule 29.15, claims of ineffective assistance of appellate counsel are necessarily raised only by a motion to recall the mandate of the appellate court.

 To support a motion to recall a mandate due to ineffective assistance of appellate counsel, strong grounds must exist showing that counsel failed to assert a claim of error which would have required reversal had it been asserted and which was so obvious from the record that a competent and effective lawyer would have recognized it and asserted it. *State v. Zweifel,* 615 S.W.2d 470, 472 (Mo.App.1981). The right to relief from an appellate mandate due to ineffective assistance of appellate counsel inevitably tracks the plain error rule; *i.e.,* the error that was not raised on appeal was so substantial as to amount to a manifest injustice or a miscarriage of justice. *Id.; Rule 30.20.*

 This Court has recently reiterated that state habeas corpus may not be used to challenge a final judgment after an individual's failure to pursue appellate and post-conviction remedies except to raise jurisdictional issues or in "circumstances so rare and exceptional that a manifest injustice results." *State ex rel. Simmons v. White,* 866 S.W.2d 443, 446 (Mo. banc 1993). The United States Supreme Court has developed more detailed guidelines for when federal habeas corpus may be used to attack a sentence in a state court. Initial federal habeas corpus relief from a state sentence is not available where a constitutional claim is defaulted under state procedural rules unless the prisoner can show that some factor external to the defense impeded counsel's efforts causing noncompliance with the state procedural rule *and* that such factor prejudiced the defense. *Murray v. Carrier,* 477 U.S. 478, 486–488, 106 S.Ct. 2639, 2644–45, 91 L.Ed.2d 397 (1986). This is referred to as the "cause and prejudice" standard prerequisite to review of procedurally defaulted claims. *See Wainwright v. Sykes,* 433 U.S. 72, 87, 97 S.Ct. 2497, 2506–07, 53 L.Ed.2d 594 (1977). A successive federal habeas corpus claim for relief from a state criminal conviction is unavailable except in very narrow circumstances referred to as the "fundamental miscarriage of justice exception," which requires a claim of actual innocence *accompanied* by an otherwise cognizable violation of the prisoner's constitutional rights. *Hererra v. Collins,* —— U.S. ——, ——, 113 S.Ct. 853, 862, 122 L.Ed.2d 203 (1993). Inasmuch as this Court has discretion to issue writs of habeas corpus and a duty to protect the rights afforded prisoners under the Constitution of the United States, it is at least arguable that this Court should not defer habeas corpus jurisdiction to the federal courts.

 Nevertheless, this proceeding is neither a motion to recall the mandate nor a petition for habeas corpus filed in this Court pursuant to Rule 91.02(b). The parties have not pled nor do the briefs argue that this is either of those proceedings. The parties have not had a full and fair opportunity to develop the pleadings, arguments and evidence on those potential claims. This Court declines to treat this proceeding as anything other than that which it is; an appeal from a denial of relief pursuant to Rule 29.15. Accordingly, the judgment is affirmed.

COVINGTON, C.J., and BENTON, LIMBAUGH and ROBERTSON, JJ., concur.

THOMAS, J., dissents in separate opinion filed.

PRICE, J., concurs in opinion of THOMAS, J.

THOMAS, Judge, dissenting.

I respectfully dissent. It is often said that where there is a wrong, there is a remedy. This may be true, but sometimes we have to help it become true. In this case, not only is Mr. Reuscher being unjustly deprived of a review under Rule 29.15 for post conviction relief, but the Court is depriving itself of the opportunity to have such review in a death penalty case where, in my view, it is essential. Reuscher's amended motion under Rule 29.15 raises numerous allegations of ineffective assistance of trial counsel. A Rule 29.15 motion is the only procedure by which these important issues may be raised. *State v. Wheat*, 775 S.W.2d 155, 157 (Mo. banc 1989).

In my view, no defendant facing a sentence of death should ever be deemed to have waived post conviction relief unless such waiver is intentional and made knowingly by the defendant, is the result of the defendant using the Rule 29.15 procedure for unnecessary delay, or some other purpose for which it is not intended. In this instance, not only did Reuscher not knowingly or intentionally waive his Rule 29.15 motion, but he made every effort to file such a motion, he was not negligent or at fault, and there is no suggestion that he was using the Rule 29.15 motion for unnecessary delay.

The primary fault for the untimeliness of the motion falls upon Reuscher's trial attorney who also functioned as his counsel for the direct appeal. His representation to Reuscher that he was obtaining an extension to July 1, 1991 within which to file the transcript on appeal was unequivocal and unconditional in form. Given this representation and the attorney's knowledge that the date of filing of the transcript is the critical factor in establishing the due date for the Rule 29.15 motion, it was inexcusable that the attorney did not immediately notify Reuscher that he only received an extension until May 15, 1991. Moreover, the attorney was likewise at fault for failing to notify Reuscher when the transcript was in fact filed on May 15, 1991.

The majority questions whether the attorney could ethically honor a request by Reuscher to prepare his Rule 29.15 motion. This is an acknowledgment that the trial attorney has a potential conflict of interest with respect to a Rule 29.15 motion, which almost always raises issues of incompetency of trial counsel and does so in this case. Despite this well-known likely conflict of interest and the fact that the date of the filing of the transcript is critical for the timely filing of a Rule 29.15 motion, this Court's rules do not provide for notice to the defendant of the date of filing. *See Rule 30.04.* The majority is holding Reuscher to the unrealistic standard that he should have foreseen the failure to notify by his attorney and assumed that the transcript would be filed earlier than he had been told.

Reuscher's Rule 29.15 motion should be heard on its merits not simply because he was not at fault, but primarily because of the importance of the accuracy of the verdict in a death penalty case. Death penalty cases are different. "[T]he penalty of death is qualitatively different from a sentence of imprisonment, however long. Death, in its finality, differs more from life imprisonment than a 100–year prison term differs from one of only a year or two." *Woodson v. North Carolina*, 428 U.S. 280, 305, 96 S.Ct. 2978, 2991, 49 L.Ed.2d 944 (1975). "The finality of the death penalty requires 'a greater degree of reliability' when it is imposed." *Murray v. Giarratano*, 492 U.S. 1, 8–9, 109 S.Ct. 2765, 2769–70, 106 L.Ed.2d 1 (1988) (quoting *Lockett v. Ohio*, 438 U.S. 586, 604, 98 S.Ct. 2954, 2964, 57 L.Ed.2d 973 (1978)). Although the Supreme Court has declined to hold that post-trial proceedings must have different standards for death penalty cases,[1] Arizona, Florida, Idaho, Louisiana, and Oklahoma all now apply different post-conviction relief rules in death penalty cases.[2]

Because of the need for unerring reliability in death penalty cases and the current system that allows defendants like Reuscher to be denied the opportunity to have their Rule 29.15 motions heard on the merits, I would

---

1. *Id.*

2. See Rule 32.4 Ariz.R.Crim.P; Fla.R.Crim.P. 3.850, 3.851; I.C. § 19–2719; LSA–C.Cr.P. Art. 930.8; 22 O.S. 1987 § 1089.

change this Court's procedure for filing a motion under Rule 29.15 so that such motions would be filed automatically and promptly in death penalty cases unless the defendant expressly and intentionally waives the filing of the motion. This procedure could not be used by the defendant or counsel to delay the proceedings.

There is an additional benefit that would flow from this proposal. This procedure should actually shorten, rather than lengthen, the time period between conviction and the carrying out of the sentence in the only cases it would apply to—cases where the timeliness of the Rule 29.15 motion is in issue. In the present case, for example, Reuscher was sentenced on January 11, 1991. Under this proposal, his Rule 29.15 motion would have been automatically filed in early 1991 and would surely have been ruled on before now. Under the new procedure, we would have saved the three years spent litigating the timeliness of Reuscher's motion.

I would apply this change in procedure in the present case and direct the trial court to hear on the merits the Rule 29.15 motion filed by Reuscher on December 24, 1992. I would reverse and remand.