**Samuel D. SMITH, Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. 76266.**

Supreme Court of Missouri,
En Banc.

Nov. 22, 1994.

Rehearing Denied Dec. 20, 1994.

Kevin Locke, Kansas City, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., John Simon, Asst. Atty. Gen., Jefferson City, for respondent.

BENTON, Judge.

Samuel D. Smith appeals the dismissal of his Rule 29.15 motion, arguing that it can be filed late due to abandonment by appointed post-conviction counsel. The Court of Appeals, Western District, transferred the appeal to this Court prior to opinion because the post-conviction motion challenges a conviction where the punishment imposed is death. *Mo. Const. art. V, § 10.* Affirmed.

*I.*

On July 20, 1988, Smith was convicted of first degree murder for stabbing a fellow inmate to death in the Missouri state penitentiary in January 1987. The trial judge imposed a sentence of death on August 19, 1988. This Court affirmed the conviction and sentence. *State v. Smith,* 781 S.W.2d 761, 775 (Mo. banc 1989), *vacated,* 495 U.S.

916, 110 S.Ct. 1944, 109 L.Ed.2d 306 (1990), *aff'd on remand,* 790 S.W.2d 241 (Mo. banc), *cert. denied,* 498 U.S. 973, 111 S.Ct. 443, 112 L.Ed.2d 426 (1990).

At sentencing, the judge informed Smith of his right to file a 29.15 motion and questioned Smith about his appointed trial counsel, as required by Rule 29.07(b)(4). Smith stated complaints about the performance of his primary attorney, so the judge appointed the State Public Defender to represent Smith to perfect an appeal and to assist in any post-conviction motion. The circuit clerk was to notify the State Public Defender of the appointment; trial counsel was directed to withdraw upon the entry of appearance by a public defender. Smith acknowledged at sentencing that he understood the time limits for filing a 29.15 motion.

The State Public Defender claims no notice of the appointment until April 1989. In any event, Smith's trial counsel filed a timely notice of appeal and on October 7, 1988, filed the trial transcript with this Court (although it could have been filed as late as November 28). Under Rule 29.15(b), Smith then had 30 days—until November 7, 1988—to file his motion in the circuit court.

Aware that the transcript was due by November 28 and having heard nothing from any new counsel, Smith on January 6, 1989, filed his own 29.15 motion. Smith's motion could never have been timely, because even if the transcript had been filed as late as November 28, the motion would have been due under Rule 29.15(b) on December 28, 1988.

After a hearing on the merits, the judge made findings of fact and conclusions of law, and denied Smith's motion. On appeal, this Court did not reach the merits, but instead vacated the judgment of the circuit court, remanding for dismissal due to untimely filing of the original motion. *Smith v. State,* 798 S.W.2d 152, 153 (Mo. banc 1990), *cert. denied,* 500 U.S. 928, 111 S.Ct. 2043, 114 L.Ed.2d 127 (1991).

On May 21, 1991, Smith filed a petition for a writ of habeas corpus in this Court, challenging, among other things, the filing deadline of Rule 29.15(b). This Court by order denied the petition because Smith raised no claims that could not have been asserted in his appeal or a timely post-conviction motion. The Court concluded: "All further claims for relief in the courts of Missouri are procedurally barred."

Smith then filed for habeas corpus in the United States District Court, obtaining a stay of his execution. The district court eventually stayed its proceedings so Smith could pursue further post-conviction relief in state court. The district court cited the August 25, 1992, decision of the Court of Appeals, Western District, which held that the merits of an untimely original 29.15 motion can be considered where the late filing results from abandonment of counsel. On subsequent review, this Court held that abandonment by an attorney does not excuse the untimely filing of an original post-conviction motion. *Bullard v. State,* 853 S.W.2d 921, 922–23 (Mo. banc), *cert. denied,* —— U.S. ——, 114 S.Ct. 475, 126 L.Ed.2d 426 (1993).

Before this Court's decision in *Bullard*—but after the court of appeals opinion—Smith filed a second 29.15 motion in the Callaway County Circuit Court. On July 19, 1993, the circuit court dismissed Smith's motion as untimely. This appeal followed.

## II.

■ Smith has no federal constitutional right to a state post-conviction proceeding, nor where such a proceeding exists, any right to assistance of counsel. *Pennsylvania v. Finley,* 481 U.S. 551, 557, 107 S.Ct. 1990, 1994, 95 L.Ed.2d 539 (1987); *Murray v. Giarratano,* 492 U.S. 1, 10, 109 S.Ct. 2765, 2770, 106 L.Ed.2d 1 (1989). It is within the "substantial discretion" of the states to determine post-conviction procedures. *Finley,* 481 U.S. at 559, 107 S.Ct. at 1995. This Court has held the time limits of Rule 29.15 to be both valid and mandatory. *Day v. State,* 770 S.W.2d 692, 695 (Mo. banc), *cert. denied,* 493 U.S. 866, 110 S.Ct. 186, 107 L.Ed.2d 141 (1989). Therefore, in pursuing a 29.15 motion, Smith is entitled only to the procedures available under the Rule.

■ Rule 29.15(b) states: "Failure to file a motion within [30 days of filing the transcript on appeal] ... shall constitute a complete

waiver of any right to proceed under this Rule 29.15." In addition, Rule 29.15(k) provides: "The circuit court shall not entertain successive [29.15] motions."

In his second 29.15 motion, Smith expands his prior claims for relief to include abandonment by the State Public Defender for failure to comply with Rule 29.07(b)(4). That rule requires newly appointed counsel to investigate whether grounds exist for filing a post-conviction motion, and if so, to file a timely motion. In Smith's case, the State Public Defender did not file a timely post-conviction motion because its office purportedly did not receive notice of the circuit judge's order. Smith contends that because of this abandonment he should be permitted to file a 29.15 motion more than 30 days after the filing of the transcript on appeal.

Smith's second 29.15 motion is successive and thus invalid. *Rule 29.15(k); State v. McMillin,* 783 S.W.2d 82, 90 (Mo. banc), *cert. denied,* 498 U.S. 881, 111 S.Ct. 225, 112 L.Ed.2d 179 (1990). This Court therefore need not address Smith's arguments regarding *Sanders v. State,* 807 S.W.2d 493 (Mo. banc 1991) and *Luleff v. State,* 807 S.W.2d 495 (Mo. banc 1991). The circuit court properly dismissed Smith's motion.

### III.

The judgment of the circuit court is affirmed.

COVINGTON, C.J., and HOLSTEIN, LIMBAUGH, and ROBERTSON, JJ., concur.

THOMAS, J., dissents in separate opinion filed.

PRICE, J., concurs in opinion of THOMAS, J.

THOMAS, Judge, dissenting.

I respectfully dissent. This case presents a problem similar to that in *Reuscher v. State,* and I would resolve it in the same manner as set forth in my dissenting opinion in that case. *Reuscher v. State,* 887 S.W.2d 588 (Mo. banc 1994).

As in *Reuscher,* Smith faces the death penalty; therefore, the reliability and accura-cy of the judgment outweigh all other considerations. Moreover, depriving Smith of the opportunity for Rule 29.15 review of his conviction and death sentence may in some ways constitute even more of an unfair and unjust decision than in the *Reuscher* case, if that is possible. This is true because the reason Smith filed his Rule 29.15 motion late was because the clerk of court did not advise the public defender that that office had been appointed by the trial judge to represent Smith in the preparation of the Rule 29.15 motion. Meanwhile, Smith's trial counsel, even though he had been directed by the trial judge to withdraw upon appearance of the public defender, proceeded to file the transcript on appeal approximately seven weeks early. Smith's trial counsel, who had the same conflict of interest with respect to the Rule 29.15 motion as Reuscher's attorney had in that case, failed to give Smith any notice of the filing. Smith was not at fault in failing to timely file the Rule 29.15 motion. He did not intentionally or knowingly waive the filing of such motion nor did he attempt to use the rule 29.15 procedure for unnecessary delay or any other purpose for which it is not intended.

The issue comes to us now on a second 29.15 motion filed by Smith, which the trial court dismissed as being untimely. The majority dismisses Smith's motion because it is successive. Since his first motion was not heard on the merits, I would not apply the rule that bars successive motions. I would apply the same rationale as I articulated in my dissent in *Reuscher v. State,* where I proposed a change in our Rule 29.15 procedure that would cause a Rule 29.15 motion to be filed automatically in death penalty cases. Smith should be allowed to go forward with his second Rule 29.15 motion because of the need for unerring reliability in assessing the death penalty and the fact that Smith was not at fault in failing to timely file his first Rule 29.15 motion. I would direct the trial court to hear on the merits the second Rule 29.15 motion filed by Smith on April 19, 1993. I would reverse and remand.