**Samuel D. SMITH, Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. SC 82282.**

Supreme Court of Missouri,
En Banc.

June 13, 2000.

Motion for Rehearing Overruled
Aug. 1, 2000.

Kevin Locke, Asst. Public Defender, Liberty, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Stacy L. Anderson, Asst. Atty. Gen., Jefferson City, for respondent.

HOLSTEIN, J.

This case stems from appellant Samuel Smith's conviction of first-degree murder and sentence to death for having stabbed fellow prison inmate Marlin Mays nineteen times, including fatal piercing wounds to the heart and lungs of the victim. With this appeal, Smith's case has been before this Court no fewer than seven times resulting in five published opinions.[1] The

1. The published opinions, in addition to this one, are *State v. Smith,* 781 S.W.2d 761 (Mo. banc 1989), *vacated,* 495 U.S. 916, 110 S.Ct. 1944, 109 L.Ed.2d 306, *aff'd on remand,* 790

judgment dismissing Smith's third Rule 29.15 motion is affirmed.

■ Undaunted by the affirmation of his conviction and the repeated denials of post-conviction relief, movant filed this motion, his third Rule 29.15 motion, on August 28, 1997. At his sentencing in 1988, Smith complained about his trial lawyer. The trial judge made no finding of probable cause that trial counsel was ineffective. However, the trial judge made a docket entry stating, "Public defender is requested to assign conflict counsel to perfect [Smith's] appeal and/or any motion to vacate which [Smith] desires to file." Thereafter, Smith was not contacted by any conflict attorney until after the time for filing a motion for post-conviction relief had passed. He claims that he was not informed when the transcript on appeal was filed in October 1988. Nevertheless, Smith was aware of the time limits under Rule 29.15, and he knew the transcript was due to be filed no later than November 28, 1988, making his original motion due on or before December 28, 1988. He failed to file it until January 6, 1989. In this motion he reiterates a claim asserted in his earlier post-conviction pleadings seeking to excuse his failure to timely file a post-conviction motion, asserting again that the late filing of his original Rule 29.15 motion was caused by abandonment and other omissions committed by his attorneys in failing to provide adequate assistance and advice. To restate the holding in his appeal from the denial of the second motion for post-conviction relief, abandonment by an attorney does not excuse the untimely filing of an original post-conviction motion. *Smith v. State,* 887 S.W.2d 601, 602 (Mo. banc 1994) (*Smith IV*).

The only new claims here are (1) that sec. 547.360, RSMO Supp. 1999 provides a post-conviction remedy separate and distinct from Rule 29.15, (2) that where an attorney is appointed under Rule 29.07(b)(4) and fails to timely file an original Rule 29.15 motion, the time limits of Rule 29.15 are tolled, and (3) the untimely filing of a Rule 29.15 motion is excused by appellant's mental illness.

As to the first issue, the Court has recently held that enactment of sec. 547.360 did not create an independent avenue of post-conviction relief. *Schleeper v. State,* 982 S.W.2d 252, 254 (Mo. banc 1998), *cert. denied,* 527 U.S. 1026, 119 S.Ct. 2375, 144 L.Ed.2d 778 (1999). Extended discussion of that case would serve no purpose. Smith's claim is denied.

■ As to the assertion that inaction of counsel appointed pursuant to Rule 29.07(b)(4) tolls the time limits of Rule 29.15, the burden is on the accused to timely file an original post-conviction motion. Nothing in the text of Rule 29.07(b)(4) suggests appointment of a new lawyer after sentencing tolls the time limits of Rule 29.15. The assistance of counsel or lack thereof in filing such an original Rule 29.15 motion does not excuse its untimely filing. *Smith IV,* 887 S.W.2d at 602; *Bullard v. State,* 853 S.W.2d 921, 922–23 (Mo. banc 1993).

■ Smith's third claim is that he suffered from a mental illness that interfered with his right to seek post-conviction relief. Movant has waited over eight years to advance this claim. Aside from extreme tardiness in asserting the claim, the current proceeding is Smith's third Rule 29.15 motion. Successive motions pursuant to Rule 29.15 are invalid. *Rule 29.15(l);*

S.W.2d 241 (Mo. banc 1990) (*Smith I*) (the appeal from the original conviction); *State v. Smith,* 790 S.W.2d 241 (Mo. banc 1990) (*Smith II*) (reconsideration of the first appeal following the United States Supreme Court's decision to vacate judgment and remand to this Court); *Smith v. State,* 798 S.W.2d 152 (Mo. banc 1990) (*Smith III*) (appeal from the

first Rule 29.15 motion); *Smith v. State,* 887 S.W.2d 601 (Mo. banc 1994) (*Smith IV*) (appeal from the second Rule 29.15 proceeding). The unpublished decisions include orders denying a petition for habeas corpus entered May 28, 1991, and denying a motion to recall the mandate entered on January 21, 1997.

*State v. McMillin,* 783 S.W.2d 82, 90 (Mo. banc 1990); *Smith IV,* 887 S.W.2d at 603.

The judgment of the trial court dismissing this third Rule 29.15 motion is affirmed.

PRICE, C.J., LIMBAUGH, WHITE, WOLFF and BENTON, JJ., concur.

COVINGTON, J., not participating.