

# In the
# Missouri Court of Appeals
# Western District

| | |
|---|---|
| JERRY McCOY, | ) |
| | ) |
| Appellant, | ) WD81569 |
| | ) |
| v. | ) OPINION FILED: July 16, 2019 |
| | ) |
| STATE OF MISSOURI, | ) |
| | ) |
| Respondent. | ) |

**Appeal from the Circuit Court of Jackson County, Missouri**
The Honorable Jack R. Grate, Judge

Before Division One: Cynthia L. Martin, Presiding Judge, Victor C. Howard, Judge and
Alok Ahuja, Judge

Jerry McCoy ("McCoy") appeals the denial of his Rule 24.035 motion following an evidentiary hearing. McCoy contends the motion court erred because: (1) his guilty plea was not knowing and voluntary because the plea court relied on an improperly entered misdemeanor guilty plea to enhance the range of punishment of his protection order violation; (2) his guilty plea sentence was in excess of the maximum authorized by law; (3) he received ineffective assistance of counsel when plea counsel did not move to set aside misdemeanor convictions because the convictions were improperly entered; (4) he

received ineffective assistance when counsel did not object to the plea court's finding of guilt; and (5) he received ineffective assistance when counsel did not object to the plea court's imposition of sentence. The judgment of the motion court is affirmed.

**Factual and Procedural Background**

In January 2015, McCoy pleaded guilty to three counts of class A misdemeanor violation of an order of protection ("2015 guilty pleas") in relation to case number 1416-CR02598-01.[1]

In September 2015, the State charged McCoy in case number 1516-CR02418-01 with three counts of class D felony violation of an order of a protection. These charges were classified as a felony because of McCoy's earlier convictions in case number 1416-CR02598-01. In exchange for McCoy's guilty plea in case number 1516-CR02418-01 to one count of class D felony violation of an order of protection, the State agreed to dismiss the other two counts ("2016 violation" and "2016 guilty plea").[2] The plea court sentenced McCoy to four years imprisonment. The plea court suspended execution of sentence and placed McCoy on probation. McCoy violated probation and the sentence was executed. McCoy did not appeal the 2016 guilty plea conviction. McCoy filed a timely pro se motion for post-conviction relief pursuant to Rule 24.035.[3] Post-conviction relief counsel filed a

---

[1]McCoy did not appeal his 2015 guilty pleas in case number 1416-CR02598-01, nor did McCoy file a Rule 24.035 motion following this conviction. We are advised that independent of this proceeding, McCoy filed on August 30, 2018 a motion to amend the judgment entered following his 2015 guilty pleas nunc pro tunc.

[2]For the purposes of clarity and to distinguish from McCoy's 2015 guilty pleas, we refer to McCoy's 2016 guilty plea alternatively as McCoy's "2016 violation," even though the State's charges were based on a violation that occurred in September 2015.

[3]All rule references are to *Missouri Court Rules, Volume I—State, 2016,* as supplemented and as applicable at the time of the McCoy's 24.035 motion, unless otherwise indicated.

2

timely amended motion ("Amended Motion") and an evidentiary hearing was held. The motion court denied McCoy's motion for post-conviction relief.

McCoy timely appeals.

## Analysis

McCoy raises five points on appeal. McCoy's first point argues that the motion court clearly erred in overruling his Amended Motion because his 2016 guilty plea was not knowingly and voluntarily entered because the 2016 violation was elevated from a misdemeanor to a felony based on McCoy's 2015 guilty pleas, which McCoy alleges were improperly entered. Because McCoy asserts the 2015 guilty pleas were improperly entered, McCoy's second point argues that the four-year sentence imposed for his 2016 guilty plea exceeded the maximum sentence authorized by law. McCoy's third, fourth, and fifth points all assert on different bases that McCoy received ineffective assistance of counsel due to plea counsel's failure to challenge the 2016 violation on the basis that his 2015 guilty pleas were allegedly improperly entered. Because the success of each of McCoy's points on appeal depends on our acceptance of his central premise that the 2015 guilty pleas were improperly entered, we first address that issue.[4]

## The 2015 guilty pleas

McCoy asserts that the 2016 violation was erroneously enhanced from a misdemeanor to a felony because his 2015 guilty pleas were improperly entered.

___

[4]The parties dispute whether McCoy's challenge to his 2015 guilty pleas is an improper collateral attack on a judgment of conviction that is now final. We elect not to address that issue, as the complaint raised by McCoy with respect to the validity of his 2015 guilty pleas is plainly without merit.

3

In case number 1516-CR02418-01, McCoy was charged with class D felony violation of an order of protection under section 455.085,[5] which provides that:

8. A violation of the terms and conditions . . . of a full order of protection shall be a class A misdemeanor, *unless the [order] respondent has previously pleaded guilty to . . . violating an ex parte order of protection or a full order of protection* within five years of the date of the subsequent violation, in which case the subsequent violation shall be a class D felony.

McCoy contends that the 2016 violation was erroneously enhanced from a misdemeanor to a felony because his 2015 guilty pleas were improperly entered, and thus effectively did not exist. McCoy argues his 2015 guilty pleas were improperly entered because the oral pronouncement of sentence and judgment in that case was materially different from the written sentence and judgment. We disagree.

As a general rule, "where an oral pronouncement of [a defendant's] sentence is inconsistent with the written sentence, the oral pronouncement controls." *Robinson v. State*, 540 S.W.3d 445, 448 (Mo. App. E.D. 2018) (alterations original). This rule does not apply, though, when the oral pronouncement is not materially different than the written sentence. *Johnson v. State*, 938 S.W.2d 264, 265 (Mo. banc 1997). "In determining whether the oral pronouncement of sentence is materially different from the written sentence, the first step is to determine what the oral sentence actually was." *Id.* "Obviously, a clear statement following the words 'I sentence you to . . . ' is decisive." *Id.* "Where the formal oral pronouncement of sentence is ambiguous . . . nothing prevents an

---

[5]All statutory references are to RSMo 2000, as supplemented through the date McCoy was charged with the felony violation of an order of protection in September 2015.

4

appellate court from examining the entire record to determine if the oral sentence can be unambiguously ascertained." *Id.*

Here, the oral pronouncement was unambiguous and materially the same as the written sentence. The plea court accepted McCoy's guilty pleas and stated a formal oral pronouncement of sentencing on Counts II, III and IV according to the terms of the plea agreement. The plea court's formal oral pronouncement of sentence was:

> Court: . . . The Court accepts the guilty pleas. As regards to Counts II and III, I sentence you to 150 days in the Jackson County Jail with credit for time served. . . . Those two sentences will be concurrent. As to Count IV, I'm sentencing you to one year in the Jackson County Jail. I'm going to suspend the execution of sentence and place you on probation for two years with the special conditions [already discussed]. . . The sentence [on Count IV] will run consecutive to the other two so this is still hanging over your head.
>
> McCoy: Yes, sir, I understand it.

The written judgment reflected the court's oral pronouncement. McCoy was unambiguously sentenced on three different charges enumerated in Counts II, III, and IV. Thus, there was no material difference between the oral pronouncement and the written judgment.

Nonetheless, McCoy argues that the oral pronouncement materially differed from the written judgment because the plea court mistakenly referred to "Count III" instead of Count IV during the plea colloquy where McCoy confirmed his intent to plead guilty on each count.[6] This colloquy, however, was not the court's pronouncement of either sentence

---

[6]The plea court reviewed McCoy's guilty pleas, as relevant:
Court: In Count II you're charged with the Class A misdemeanor, violation of order of protection and to that charge how do you plead?
McCoy: Guilty

5

or judgment. There is no variance, therefore, between the oral sentence pronounced by the court, and the written judgment.

Even if we assume that the plea court's mistaken reference to "Count III" instead of Count IV during McCoy's plea colloquy created an ambiguity in the oral pronouncement of sentence or judgment (which we do not find), a review of the entire record would resolve this ambiguity.[7] *See Johnson*, 938 S.W.2d 264-65 (rejecting the view that the sentencing judge must "pronounce[] exactly the right words at exactly the right time, or the defendant receives a windfall reduction in sentencing, despite the court's clear intent to the contrary"). Accordingly, McCoy's argument that the 2015 guilty pleas were improperly entered fails.

The motion court did not clearly err in denying McCoy's Amended Motion because McCoy's 2015 guilty pleas were properly entered. Because the central premise which underlies and is critical to the success of each of McCoy's points on appeal is without merit, all of McCoy's points on appeal are without merit.

---

Court: You're charged in Count III with a violation of an order of protection which is an A misdemeanor also to that how do you plead?
McCoy: Guilty
Court: You're charged in *Count III* with a different class A misdemeanor, violation of an order of protection and to that charge how do you plead?
McCoy: Guilty.
Court: And you are pleading guilty to all three of these charges because you are, in fact, guilty?
McCoy: Yes, sir.

(Emphasis added.)

[7]An examination of the entire record resolves any ambiguity. The relevant plea colloquy began with the plea court discussing the State's charges against McCoy, which include burglary in the first degree (Count I), three counts of misdemeanor violation of an order of protection (Counts II, III, IV). In exchange for McCoy's guilty plea on Counts II, III, IV, the State agreed to dismiss the charge of burglary in the first degree under Count I. When the plea court reviewed the plea agreement, McCoy testified that he understood that he would be sentenced to 150 days imprisonment for both Counts II, and III, which would be served concurrently. McCoy also testified that he understood that he would be sentenced to one year imprisonment on Count IV; and that the execution of Count IV's sentence would be suspended in lieu of a two-year probation period. McCoy also testified that he understood the conditions of probation regarding his sentence on Count IV. McCoy plainly understood he was entering a guilty plea on Counts II, III, and IV.

Points One, Two, Three, Four, and Five are denied.

## Conclusion

The motion court's judgment is affirmed.

_Cynthia L. Martin_
Cynthia L. Martin, Judge


All concur