

# In the
# Missouri Court of Appeals
## Western District

| | |
|---|---|
| **STATE OF MISSOURI,** | |
| **Respondent,** | **WD83066** |
| **v.** | **OPINION FILED:** |
| **BILLY JOE BELLAMY,** | **AUGUST 11, 2020** |
| **Appellant** | |

**Appeal from the Circuit Court of Lafayette County, Missouri
The Honorable Dennis A. Rolf, Judge**

**Before Division Two: Karen King Mitchell, Presiding Judge,
Anthony Rex Gabbert, Judge, W. Douglas Thomson, Judge**

Billy Joe Bellamy appeals the circuit court's denial of his July 12, 2019, motion titled "Motion for Relief from Order or Judgment Pursuant to Rule 74.06(b)(4) Mo. Sup. Ct. (2019)" wherein Bellamy claims the circuit court's July 8, 2014, Judgment sentencing him to twenty years' imprisonment for burglary, stealing, and money laundering is void because the court never orally committed him to the Department of Corrections pursuant to Section 558.011.3(1), RSMo 2008. We reverse and remand to the circuit court with instructions to dismiss Bellamy's Motion as successive under Rule 24.035.

Bellamy pleaded guilty on July 8, 2014, to first-degree burglary, theft of property worth $25,000 or more, money laundering, resisting arrest, pharmacy robbery, and failure to file and pay state income tax. At the guilty plea hearing, the trial court announced Bellamy's sentences as follows:

> No legal reason having been shown why judgment and sentence should not now be pronounced, based upon the recommendation of the State and request of the Defendant, it is the order, sentence and judgment of the Court the Defendant be sentenced to 20 years on each of the three counts in the case ending in 881-01, five years in the Department of Corrections on the case ending in 876-01, and also the case ending in 878, and seven years in the Department of Corrections on the resisting arrest in case ending in 46-01, all sentences to run concurrent as supposed [sic] to consecutive.

…
> And we also will include on the judgment case ending in 881-01 restitution of a hundred thousand dollars and in the case ending in 878 restitution of $3,512.51.

Bellamy filed a Rule 24.035 motion for post-conviction relief wherein he claimed the circuit court erred in ordering him to pay restitution in addition to a term of imprisonment. *Bellamy v. State*, 525 S.W.3d 166, 168 (Mo. App. 2017). After reviewing Bellamy's claim, this court concluded that, the imposition of restitution pursuant to a statute amended after Bellamy committed his crimes increased the punishment for Bellamy's crimes beyond what it was at the time he committed them. *Id.* at 171. We reversed the circuit court's judgment in part, striking the restitution condition of Bellamy's sentence, and the judgment was affirmed in all other respects. *Id.* at 171-72.

On November 29, 2018, Bellamy filed "Defendant's Motion for Nunc Pro Tunc Order" wherein Bellamy claimed, in part, that the written judgment of the court committing Bellamy to the custody of the Department of Corrections was inconsistent with the oral pronouncement which made no such commitment. This motion was denied by the circuit court on December 13, 2018.

Bellamy made this same claim in a "Motion for Relief from Order or Judgment Pursuant to Rule 74.06(b)(4) Mo. Sup. Ct. (2019)" filed July 12, 2019, also contending the Judgment with regard to three of his sentences is void. The circuit court denied the motion by docket entry July 15, 2019. This appeal follows.

In Bellamy's sole point on appeal he contends the circuit court's July 8, 2014, Judgment sentencing him to twenty years' imprisonment for burglary, stealing, and money laundering is void because the court never orally committed him to the Department of Corrections pursuant to Section 558.011.3(1). Section 558.011.3(1) states: "When a regular sentence of imprisonment for a felony is imposed, the court shall commit the person to the custody of the department of corrections for the term imposed under section 557.036, or until released under procedures established elsewhere by law." Bellamy argues that Section 558.011.3(1) required the court to use the word "commit" in its oral pronouncement and the court's failure to do so resulted in a void Judgment. He argues the sentence is inconsistent with due process of law and equal protection of law because a commitment order is mandatory before an institution will accept an inmate into a facility, and Bellamy was accepted and incarcerated without a commitment order.[1]

"[T]he circuit court's judgment convicting and sentencing [Bellamy] is 'void' only if the court lacked jurisdiction to enter it, or if the entry of the judgment otherwise violated due process." *State v. Oerly*, 446 S.W.3d 304, 308 (Mo. App. 2014). Bellamy makes no claim that the court lacked jurisdiction to enter the judgment. While Bellamy claims the judgment is "void" because the oral pronouncement failed to recite alleged statutorily required language, thereby violating his

---

[1] Although Bellamy does not deny that there was a written commitment order, his argument seems to be that the oral pronouncement takes precedence over the written order in this case, thereby making the written order nonexistent.

Constitutional rights to due process and equal protection, "Rule 24.035 provides the exclusive remedy for a person 'convicted of a felony on a plea of guilty … who claims that the conviction or sentence imposed violates the constitution and laws of this state ….'" *State ex rel. Taylor v. Moore*, 136 S.W.3d 799, 801 (Mo. banc 2004) (quoting Rule 24.035). Hence, while titled a Rule 74.06(b)(4) motion, Bellamy's motion was in actuality a Rule 24.035 motion.

Bellamy makes no claim that there was ever any true confusion that the court's oral pronouncement committed Bellamy to the Department of Corrections for Bellamy's burglary, stealing, and money laundering crimes when the court stated Bellamy was "sentenced to twenty years on each of the three counts." Such a claim would be belied by the record. The State recommended at the guilty plea hearing that, "With respect to case 12-881-01, the State's recommendation is that on Counts I, II, and III that the Defendant be sentenced to 20 years in the Missouri Department of Corrections." Bellamy asked the court to accept the State's recommendation. Bellamy's sole claim on appeal seems to be that, Section 558.011.3(1) required the court to use the word "commit" or specifically mention the Department of Corrections in each of the separate crimes it discussed in its oral pronouncement, and its failure to do so resulted in a void judgment. (The court named the Department of Corrections in its oral pronouncement on Bellamy's three other sentences issued at the same time, and there is no dispute that the court's written judgment commits Bellamy to the Department of Corrections with regard to all crimes). Bellamy argues that, because an oral pronouncement controls over a written judgment, he was not committed to the Department of Corrections for those crimes. Yet, an oral pronouncement only controls over a written judgment if the oral sentence is inconsistent with the written. *McCoy v. State*, 578 S.W.3d 854, 856 (Mo. App. 2019). Where there is ambiguity, we look to the entire record to ascertain the court's intent. *Id.* Bellamy makes no claim in his appeal of true

4

inconsistency or ambiguity between the oral pronouncement and written judgment; his arguments all lead back to the court's alleged failure to use statutorily required language in its judgment. These arguments should have been raised in Bellamy's Rule 24.035 motion pursuant to Rule 24.035(d) which states that the motion to vacate "shall include every claim known to the movant for vacating, setting aside or correcting the judgment or sentence."

Rule 24.035(l) states: "The circuit court shall not entertain successive motions."

> Rules 29.15 and 24.035 permit a defendant to collaterally attack a judgment only once []; Rule 29.15(l) and Rule 24.035(l) prohibit the filing of successive motions raising the same claims or claims that could have been brought under a prior motion. *Smith v. State*, 21 S.W.3d 830, 831 (Mo. banc 2000) (claim movant suffered from mental illness that interfered with his right to seek post-conviction relief raised for the first time in his third motion was deemed successive under Rule 29.15); *Futrell v. State*, 667 S.W.2d 404, 406-07 (Mo. banc 1984) (claim available at the time of the first motion constitutes a 'successive' claim when raised in a second motion). The intent of this prohibition is 'to ensure that a movant receives a single--but meaningful--opportunity for timely post-conviction relief.' *Whitfield v. State*, 435 S.W.3d 700, 701 (Mo. App. 2014), citing, *Price v. State*, 422 S.W.3d 292, 296 (Mo. banc 2014).

*McKay v. State*, 520 S.W.3d 782, 784-785 (Mo. banc 2017).

Bellamy's motion raised claims that could have been raised under his prior Rule 24.035 motion. His "Motion for Relief from Order or Judgment Pursuant to Rule 74.06(b)(4) Mo. Sup. Ct. (2019)" filed July 12, 2019, was, therefore, a successive Rule 24.035 motion. As such, it should have been dismissed by the circuit court. We reverse the circuit court's denial of Bellamy's motion and remand to the circuit court with instructions to dismiss Bellamy's motion as a successive, and therefore prohibited, Rule 24.035 motion.

_____
Anthony Rex Gabbert, Judge

All concur.

5