**Elvis D. KELLEY, Jr., Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. 23106.**

Missouri Court of Appeals,
Southern District,
Division Two.

May 15, 2000.

Motion for Rehearing or Transfer
Denied June 6, 2000.

Application for Transfer Denied
Aug. 29, 2000.

---

**3.** Plaintiff's motion to transfer this case to the Supreme Court of Missouri on the basis of

jurisdiction is denied.

230

Andrew A. Schroeder, Asst. Public Defender, Kansas City, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Adrian D. Crouse, Asst. Atty. Gen., Jefferson City, for respondent.

KERRY L. MONTGOMERY, Presiding Judge.

A jury found Elvis D. Kelley, Jr., (Movant) guilty of the class B felony of rape in violation of § 566.030. The trial court sentenced Movant to a 30–year term of imprisonment. Movant appealed his conviction. This court affirmed the judgment and sentence in *State v. Kelley*, 945 S.W.2d 611 (Mo.App.1997). Thereafter, Movant filed a motion for postconviction relief pursuant to Rule 29.15. The motion court denied Movant's request for relief after an evidentiary hearing. Movant appeals the motion court's ruling.

The evidence in support of Movant's underlying conviction is set forth exhaustively in *Kelley*, 945 S.W.2d at 613–14. Those facts are not set forth herein except as required to address Movant's allegations of motion court error.

After his conviction, Movant filed his *pro se* Rule 29.15 motion on August 18, 1997. He filed an Amended Motion to Vacate, Set Aside or Correct Judgment or Sentence on November 17, 1997. After an evidentiary hearing on the matter, the motion court entered its Findings of Fact, Conclusions of Law and Order denying Movant's request for relief on February 19, 1998. Movant appeals that decision.

On March 8, 1999, this Court reversed the motion court's decision in *Kelley v. State*, 988 S.W.2d 563 (Mo.App.1999). The cause was remanded with instructions that the motion court must enter " 'proper findings of fact and conclusions of law which are sufficiently specific to allow meaningful review.' " *Id.* at 565 (quoting *Barry v. State*, 850 S.W.2d 348, 350 (Mo. banc 1993)). On June 11, 1999, the motion court filed an amended judgment denying Movant's 29.15 motion, this time issuing detailed findings of fact and conclusions of law. The motion court's amended judgment is the subject of this appeal.

Movant raises seven allegations of motion court error on appeal. Our review of the denial of a Rule 29.15 motion for postconviction relief is limited to a determination whether the findings of fact and conclusions of law are clearly erroneous. Rule 29.15(k); *Hatcher v. State*, 4 S.W.3d 145, 147 (Mo.App.1999). "The motion court's determination is clearly erroneous only if, after reviewing the entire record, the appellate court has a definite and firm impression that a mistake has been made." *State v. Weston*, 926 S.W.2d 920, 923 (Mo. App.1996).

In each point, Movant contends the motion court erred in failing to find that he received ineffective assistance of

either trial or appellate counsel.[1] In order to show that counsel's assistance was so ineffective as to require reversal of a conviction, a movant must establish that counsel's performance was deficient and that the deficiency prejudiced the defense. *State v. Phillips,* 940 S.W.2d 512, 522 (Mo. banc 1997). "In order to prevail on a claim of ineffective assistance of counsel, the movant must satisfy both the performance prong and the prejudice prong; if the movant fails to satisfy either prong, the reviewing court need not consider the other." *Id.*

This court strongly presumes counsel rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment. *Id.* Furthermore, the movant must also overcome the presumption that any challenged action was sound trial strategy. *Id.* "To prove prejudice, the movant must show a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.*

## I. INEFFECTIVE ASSISTANCE OF TRIAL COUNSEL

### A. Failure to Impeach

In Point I on appeal, Movant argues the motion court erred in failing to find he received ineffective assistance of counsel because trial counsel failed to impeach the victim with her prior inconsistent statements concerning sexual contact with two other men. Prior to trial, the victim claimed that Movant and two other men had placed their penises in her vagina. At trial, the victim stated that Movant had placed his penis in her vagina but that the other men had only used their fingers. Movant contends that the victim's in-court testimony left the jury to conclude he was the only person who could have caused the physical damage to the victim's hymen.

He then argues that counsel's failure to ask the victim to reconcile her inconsistent statements was "inexcuseable."

The mere failure to impeach a witness does not entitle a movant to postconviction relief. *Phillips,* 940 S.W.2d at 524. The movant has the burden of establishing that the impeachment would have provided a defense or would have changed the outcome of the trial. *Id.* The movant must also overcome the presumption that counsel's decision not to impeach was a matter of trial strategy. *Id.*

Movant fails to show that impeaching the victim's statement as to alleged sexual contact by two other men would have provided him a viable defense or changed the outcome of the trial. While the victim's statements about sexual abuse by other men were inconsistent, her allegations against Movant were unwaivering. She consistently stated that Movant had penetrated her vagina with his penis, the crime for which he was convicted.

Movant also fails to overcome the presumption that counsel's decision not to further impeach the victim was a matter of trial strategy. "Counsel must be allowed wide latitude in defending the client and may use his or her best judgment in matters regarding trial strategy." *Weston,* 926 S.W.2d at 923. When reviewing postconviction relief claims relating to "trial strategy", courts should keep in mind that they have the benefit of hindsight and should not be hypercritical when reviewing counsel's conduct at trial. *Id.*

At the postconviction hearing, trial counsel testified that he felt he "had laid it out there" that the victim had changed her story and that the jury "can't believe" her testimony against Movant. Trial counsel also stated he felt that he "had gotten on that particular point with [the victim] as much as [he] was probably going to get

---

1. Although Movant's points are consecutively numbered, for the sake of efficiency and logical disposition, we address similar issues together rather than following the numerical order of Movant's points.

from her." We cannot say the motion court erred in failing to grant postconviction relief based upon counsel's failure to impeach the victim's testimony. Point I is denied.

In Point VI on appeal, Movant argues the motion court erred in denying his Rule 29.15 motion because trial counsel was ineffective in failing to impeach prosecution witness Linda Bates, the victim's mother, concerning the date she took custody of the victim. Movant claims that "even a cursory examination" of Ms. Bates would have established that Movant could not have committed the crime because the victim was in Ms. Bates' custody on the date for which the crime was charged.

■ As already noted in our analysis under Point I, the mere failure to impeach a witness does not entitle a movant to postconviction relief. *Phillips,* 940 S.W.2d at 524. Movant must show that the impeachment would have provided a viable defense and overcome the presumption that the decision not to impeach was a matter of counsel's trial strategy. *Id.* " 'The extent of cross-examination is almost always a matter of trial strategy.' " *Weston,* 926 S.W.2d at 924 (quoting *Cole v. State,* 573 S.W.2d 397, 403 (Mo.App.1978)).

■ While Movant suggests the exact date was crucial to his conviction, we cannot agree. Although Ms. Bates mistakenly identified the date upon which she took custody of the victim, Ms. Bates gave a detailed description of the circumstances surrounding the exchange. She testified to the time and place of the custody exchange. She recalled that this occurred on a Friday evening. These recollections were consistent with the testimony of the victim and other witnesses.

Trial counsel testified at the evidentiary hearing that he did not question Ms. Bates concerning her confusion about the exact date of the crime because he did not feel that the "specific date was that crucial to convey to the jury." He recalled that the information and jury instructions referred to the crime as having occurred "on or about" the specific date. The motion court found that trial counsel's decision to not impeach the witness as to the exact date was a matter of trial strategy. Movant fails to show otherwise. Point VI is denied.

### B. Child Witness

In Point II, Movant maintains the motion court erred in denying his request for postconviction relief based upon trial counsel's failure to object to the modified seating arrangement implemented by the trial court while the victim was testifying. During the victim's testimony, Movant was seated on the opposite side of the courtroom out of the victim's line of vision. Movant claims counsel was ineffective in failing to object to this arrangement because it left the jury with the impression that the trial court was "taking sides" with the victim and that the victim was understandably "scared" of Movant.

The motion court denied Movant's claim, noting that such seating arrangements are "not unusual in a case where the defendant is accused of a crime against a child." The motion court concluded that Movant failed to show counsel was deficient in failing to object to the seating arrangement or that it had any impact on the jury's verdict.

■ Trial courts are vested with considerable discretion in regulating the manner of witness examination. *State v. Gollaher,* 905 S.W.2d 542, 546 (Mo.App.1995). Appellate courts should not disturb the exercise of that discretion unless it has been abused or substantial harm had been improperly done to the complaining party. *Id.* at 546–47.

Young children, who are victims of sexual abuse, have great difficulty in recounting to juries the sordid details of their painful experience. Wide latitude should be granted to trial courts so that such victims can recount their experiences without being overwhelmed by crippling emotional strain. Their testi-

mony is often of critical importance since they are often the only occurrence witness.

*State v. Pollard,* 719 S.W.2d 38, 42 (Mo. App.1986).

Because such matters are left to the discretion of the trial court, it is highly unlikely that any objection raised by counsel to the modified seating arrangement would have been sustained. Counsel will not be deemed ineffective for failing to make a non-meritorious objection. *See State v. Clemons,* 946 S.W.2d 206, 227 (Mo. banc 1997). Point II is denied.

### C. Failure to Investigate and Call Witness

In Point IV on appeal, Movant claims the motion court erred in failing to grant his motion for postconviction relief because trial counsel was ineffective for failing to interview and call James Ball to testify at trial. Movant claims Mr. Ball's testimony would have impeached testimony suggesting that Mr. Ball had observed blood on the victim's bed sheets while she was living with Movant.

To prevail upon a claim of ineffective assistance of counsel based upon the failure to interview and call a witness, the movant must show that the witness was available to testify, would have testified if called, and that the witness would have provided a viable defense through his testimony. *State v. Whitfield,* 939 S.W.2d 361, 371 (Mo. banc 1997); *Hatcher,* 4 S.W.3d at 150.

Although the parties stipulated at the 29.15 hearing that Mr. Ball would have testified that he never saw blood on the victim's sheets, the motion court found that such testimony would have "dubious impeachment value" and would not have provided a viable defense. We agree. There was expert testimony that the victim bore the physical and emotional scars of rape. The victim identified Movant as the man who had raped her. Mr. Ball's

testimony that he had not seen blood on the victim's sheet on an earlier date in no way disproves that Movant raped the victim on the date charged. We find no motion court error in failing to grant relief on the basis of counsel's failure to interview and call Mr. Ball. Point IV is denied.

In Point V, Movant maintains the motion court erred in denying Rule 29.15 relief because trial counsel was ineffective in failing to call his wife, Lydia Kelley, to testify on his behalf. Movant argues that Mrs. Kelley's testimony would have established that he did not have the opportunity to rape the victim on the date alleged.

This claim is governed by the same rules discussed in Point IV. In order to prevail on such a claim of ineffective assistance of counsel the movant must not merely show that the witness was available and willing to testify, but also that the witness's testimony would provide a viable defense to the crime. *See Whitfield,* 939 S.W.2d at 371. In addition, we note that counsel's decision not to call a witness is presumptively a matter of trial strategy and will not support a claim of ineffective assistance of counsel unless the movant clearly shows otherwise. *State v. Clay,* 975 S.W.2d 121, 143 (Mo. banc 1998).

Movant maintains that Mrs. Kelley's testimony would have given him an alibi because she would have testified that she was with Movant constantly on the date of the rape. He contends this testimony would have established his innocence by showing that he did not have the opportunity to commit the crime because he was never alone with the victim.

Movant testified at the Rule 29.15 hearing. Although he maintains that Mrs. Kelley's testimony would have exonerated him by showing he was never alone with the victim on the date in question, Movant admitted that his wife was not with him continuously and that he was with the victim alone on that date. The motion court determined that Movant's own testi-

mony contravened his wife's alibi testimony.

Trial counsel also testified at the hearing that he interviewed Mrs. Kelley but decided not to call her as a witness because he felt her demeanor and appearance might be damaging to Movant's case. Furthermore, he felt it "would have been hard on the case" if the State elicited her testimony that she sent her child, who had been living in the home with Movant, to live with her parents after Movant was arrested. The motion court found that it was a matter of trial strategy and within the discretion of trial counsel not to call the witness.

We conclude that the decision not to call Mrs. Kelley to testify on Movant's behalf was a determination trial counsel made after evaluating all of the potential consequences of such testimony. As such it was a matter of trial strategy. Point V is denied.

## II. INEFFECTIVE ASSISTANCE OF APPELLATE COUNSEL

### A. Batson Challenge

In Point III on appeal, Movant claims the motion court erroneously denied his Rule 29.15 claim because he received ineffective assistance from appellate counsel. Movant claims appellate counsel was ineffective in failing to raise the claim that the trial court erred in overruling trial counsel's gender-based *Batson* objection to the State's removal of juror Number 11, a male, from the jury panel.

 To show ineffective assistance of appellate counsel, " 'strong grounds must exist showing that counsel failed to assert a claim of error which would have required reversal had it been asserted and which was so obvious from the record that a competent and effective appellate lawyer would have recognized it and asserted it.' " *Moss v. State*, 10 S.W.3d 508, 514 (Mo. banc 2000) (*quoting Reuscher v. State*, 887 S.W.2d 588, 591 (Mo. banc 1994)). *See State v. Edwards*, 983 S.W.2d 520, 522

(Mo. banc 1999). The right to relief due to ineffective assistance of appellate counsel tracks the plain error rule; movant must show that the error not raised on appeal was so substantial as to amount to a manifest injustice or miscarriage of justice. *Moss*, 10 S.W.3d at 514–15.

 The equal protection clause prohibits the use of a peremptory challenge in a criminal case as a means of discriminating on the basis of race or gender. *See Batson v. Kentucky*, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986); *State v. Brown*, 966 S.W.2d 332, 335 (Mo.App. 1998). The first step in a *Batson* based challenge is a timely objection to the peremptory strike on the grounds that the party has engaged in gender or race discrimination in connection with the use of its strike. *Brown*, 966 S.W.2d at 335. The striking party must then offer a valid race or gender-neutral explanation for the strike. *Id.* The burden then shifts to the objecting party to show that the explanation was pretextual and that the strike was actually motivated by the venireperson's race or gender. *State v. Smith*, 5 S.W.3d 595, 597 (Mo.App.1999).

 Ultimately, the "burden of persuasion regarding the racial or gender motivation exists with, and never shifts from, the opponent of the strike." *Brown*, 966 S.W.2d at 335. Unless an inherently discriminatory intent is found, the strike will be upheld. *State v. Sage*, 977 S.W.2d 65, 68 (Mo.App.1998). Trial courts are vested with considerable discretion when evaluating the reasons for a strike and determining whether the party intentionally discriminated when making the peremptory strike. *Brown*, 966 S.W.2d at 335.

At trial, the prosecutor used five of his peremptory strikes to remove male venirepersons. Trial counsel then made a gender-based *Batson* challenge. The prosecutor explained he spoke with local law enforcement and inquired about each potential juror. He averred that he then removed juror Number 11 because he "was

advised by a person pursuant to [his] investigation, [his] work product, that [Number 11] may not be favorable to the state ..." Trial counsel's *Batson* objection was then denied.

■ At the hearing on the Rule 29.15 motion, appellate counsel maintained that he did not raise the issue on appeal because he believed the State's explanation was specific, clear, and legitimate, rather than gender-based. In its findings of fact, the motion court noted that Movant failed to present anything that would indicate his claim would have been upheld on appeal. Furthermore, the motion court found "persuasive" appellate counsel's testimony that he evaluated the claim and determined it unlikely it would prevail on appeal. We cannot say the motion court erred in this determination. Point III is denied.

B. Improper Bolstering of Testimony

■ In Point VII, Movant challenges the motion court's ruling regarding ineffective assistance of appellate counsel when counsel failed to raise the claim that the trial court erred in overruling trial counsel's timely objection to the admission of videotaped interviews of the victim. Movant argues that the admission of such interviews improperly bolstered the victim's testimony and led to his conviction. At trial, the court allowed the State to play a videotaped interview of the victim to the jury in addition to offering her live testimony. Trial counsel objected on the basis that the videotaped recording improperly bolstered the victim's testimony.[2] The trial court overruled this objection on the basis of § 492.304.3, which specifically allows the admission of such a recording in addition to the child's live testimony even if the recording "repeats or duplicates the child's testimony."

At the evidentiary hearing, Movant's appellate counsel testified that he did not raise the claim that the videotaped record-

ings improperly bolstered the victim's testimony because he believed the recordings were properly admitted pursuant to § 492.304.3 and the claim would not be successful. The motion court found that appellate counsel's strategy in not presenting the issue on appeal was sound because it "was unlikely to be successful."

To be successful on this issue, Movant must show that appellate counsel's failure to raise the improper bolstering claim on appeal amounted to manifest injustice or a miscarriage of justice. We are not so convinced. We cannot say the motion court erred in failing to grant Movant's request for postconviction relief on this basis. *Point VII is denied.*

The judgment of the motion court is affirmed.

GARRISON, C.J., and BARNEY, J., concur.

---

2. Movant points out that the videotape was played for the jury four times and suggests that cumulative effect was improper bolster-

ing. Movant fails to note that the videotaped recording was rewound and replayed at least once at his request.