**Dennis L. WILLIAMS, Movant–Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. 24293.**

Missouri Court of Appeals,
Southern District,
Division Two.

Feb. 26, 2002.

---

2. Because we reverse the damage award, we decline discussion of the remaining contentions under this point.

Amy M. Bartholow, Asst. Public Defender, Columbia, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Susan L. Brown, Asst. Atty. Gen., Jefferson City, for respondent.

NANCY STEFFEN RAHMEYER, Judge.

A jury convicted Dennis L. Williams "(Movant)" of stealing cattle and sentenced him to sixteen years' imprisonment. After this court affirmed that conviction, Movant filed a motion for post-conviction relief under Rule 29.15,[1] contending he had ineffective assistance of counsel. After a hearing, the motion court denied that motion. Movant now appeals. We affirm the motion court's ruling.

Movant's point on appeal is based on his argument that the trial court erroneously sustained three objections to questions asked by Movant's trial counsel during voir dire. Movant complains that he was denied effective assistance of counsel because his attorney failed to include these purported errors in a motion for new trial and failed to raise the purported errors in Movant's direct appeal.

This court's review is limited to a determination of whether the motion court's findings and conclusions are clearly erroneous. Rule 29.15(k); *Hall v. State,* 16 S.W.3d 582, 585 (Mo. banc 2000). Findings and conclusions are clearly erroneous only if after a review of the entire record the court is left with the definite and firm impression that a mistake has been made.

---

1. All rule references are to Supreme Court Rules (2001), unless otherwise stated.

*State v. Taylor*, 929 S.W.2d 209, 224 (Mo. banc 1996).

■■■■ To prevail on an ineffective assistance of counsel claim Movant is required to show: (1) counsel's performance did not conform to the degree of skill and diligence of a reasonably competent lawyer under similar circumstances, and (2) Movant's defense was prejudiced by counsel's inept performance. *Id.* If a movant fails to prove one prong, the court need not consider the other. *Sanders v. State*, 738 S.W.2d 856, 857 (Mo. banc 1987). A reviewing court may examine the prejudice prong before the performance prong, and may resolve it on lack of prejudice grounds alone. *Id.*

■■■■ It is apparent that Movant suffered no prejudice as a result of his attorney's failure to include the denial of voir dire questions in a motion for new trial or to raise the issue on appeal. The lack of prejudice is apparent in two ways. First, Movant's counsel was allowed to ask questions similar to the disallowed questions. The three disallowed questions were as follows:

> [Question by Movant's counsel, propounded to Venirewoman Boyer:] Do you think the that [sic] defendant has to produce evidence of his innocence to convince you?
>
> . . . .
>
> [Question by Movant's counsel, propounded to Venireman Scheppler:] Suppose we don't call any witnesses and we just rely on cross-examination and show weaknesses in the prosecutor's case, are you still going to expect [Movant] to call witnesses or can—if they don't—haven't proved their case beyond a reasonable doubt can you say, Well, he's not guilty?
>
> . . . .
>
> [Question by Movant's counsel, propounded to Venirewoman Lacombe:] Okay. Can you think of any reasons why a person might not want to testify?

The trial court sustained objections to these questions on the basis that they required prospective jurors to commit to a future course of conduct, which is an abuse of voir dire. *See State v. Norton*, 681 S.W.2d 497, 499 (Mo.App. E.D.1984). Movant's counsel later asked the following questions without objection:

> If I sat there solemn throughout the whole thing and didn't call a witness and didn't ask a question, would you still be able to hold the State to their burden of proving him guilty?
>
> . . . .
>
> But even if I sat there and remained silent and didn't say anything, just for the hypothetical, you understand that the State still has the burden of proving him guilty?
>
> . . . .
>
> Well, do you think [Movant] will have to call witnesses or can we do it just by cross-examining and weakening their story in your mind?
>
> . . . .
>
> I guess what I'm asking and the Judge may instruct you. My client has a right not to testify. Does everybody understand that he is by facing trial today said he's not guilty to the charge. Does anybody disagree with that or not understand that? Does anybody expect him to produce more evidence besides that simple not guilty before they can hold the State to their burden of proof?
>
> . . . .
>
> Does everybody understand that he is presumed innocent—we're going to go back to some old ground. The State has the burden of proving him guilty beyond a reasonable doubt? Does everybody understand that? And it requires an unanimous verdict. Does everybody understand that? And he has the right not to testify, to just stand on his not guilty. Does everybody understand that? And

knowing all those rights, if he fails to testify will anyone hold that against him?

The questions Movant's attorney was allowed to ask covered the issues to which the disallowed questions were aimed. Because Movant's attorney was allowed to ask these other questions, there could be no prejudice from any alleged error in sustaining the objections to the other three questions.

Second, the jurors to whom the objectionable questions were directed did not ultimately serve on Movant's jury. Thus, Movant cannot show actual prejudice by counsel's inability to ask those potential jurors the specific questions. *State v. Roberts,* 948 S.W.2d 577, 599 (Mo. banc 1997). Movant argues that although these three questions were directed to specific individuals on the panel, the "questioning applied to the entire panel and any juror could have spoken up at any time." Movant gives no authority for this proposition, and it is factually different from the finding of the motion court that the objectionable questions were propounded to specific jurors, none of whom served on the final panel. The context of the questions is such that they were asked during discussions with specific juror members, not the entire panel. Finally, even if Movant is correct as to the effect on the entire jury pool, it does not undermine the argument discussed above, that Movant's counsel was able to ask similar questions without objection.[2]

It is apparent that Movant suffered no prejudice by the trial court sustaining objections to the three questions quoted above. Movant's counsel explored the same subject areas with the full jury, and

the particular jurors to whom the questions were posed did not serve on Movant's jury. Without any prejudice to Movant, it is unlikely that he would have succeeded in raising the issue on appeal. "To show ineffective assistance of appellate counsel, 'strong grounds must exist showing that counsel failed to assert a claim of error which would have required reversal had it been asserted and which was so obvious from the record that a competent and effective appellate lawyer would have recognized it and asserted it.'" *Kelley v. State,* 24 S.W.3d 228, 235 (Mo.App. S.D.2000)(quoting *Reuscher v. State,* 887 S.W.2d 588, 591 (Mo. banc 1994)). The motion court did not err in denying Movant's Rule 29.15 motion and that ruling is affirmed.

GARRISON, P.J., and PREWITT, J., concur.

---

2. Movant claims that his counsel did not ask the same question again. Any allegation that Movant's counsel did not continue to explore the same topics with reworded questions is not supported by the transcript of voir dire, nor is it supported by Movant's counsel's testimony at the hearing on the Rule 29.15 motion wherein the attorney testified that he "tried to make up [for the objectionable question] by other questioning."