David BARNETT, Appellant,

v.

STATE of Missouri, Respondent.

No. 24776.

Missouri Court of Appeals,
Southern District,
Division One.

Jan. 21, 2003.

Mark A. Grothoff, Assistant State Public Defender, Columbia, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Andrea Mazza Follett, Asst. Atty. Gen, for respondent.

KERRY L. MONTGOMERY, Presiding Judge.

David Barnett (Movant) appeals from a judgment of the Circuit Court of Taney County denying his Rule 29.15 motion to vacate, set aside or correct a prior judgment and sentence for ineffective assistance of counsel. Movant contends, in two subparts, that his defense counsel at trial failed to object to the trial court's verbal instruction to the jury that it return with a unanimous verdict and also that his counsel failed to request an instruction under MAI–CR3d 312.10. We affirm.

A complete review of the facts can be found in *State v. Barnett,* 16 S.W.3d 699 (Mo.App.2000), where this Court affirmed Movant's conviction in his direct appeal. We discuss only those facts relevant to the present appeal.

In summary, Movant was charged with statutory rape and statutory sodomy of a seven-year-old girl in violation of § 566.032 and § 566.062, RSMo 1994. On May 25, 1999, the jury returned after some three and a half hours of deliberation and presented verdicts signed by the foreperson finding Movant guilty of both crimes and assessing punishment at ten years' imprisonment for each. Movant's counsel then requested that the jury be polled to verify their verdict. In response to the court's poll, eleven jurors responded affirmatively. However, one juror indicated that it was not her verdict. The prosecutor then indicated to the court that the verdict must be unanimous and requested the court to instruct the jury "to go back and follow the instructions and come back with a unanimous decision."

The judge then made the following statement to the jury: "On the basis of the poll, ladies and gentlemen, your verdicts will be rejected. And I will ask you to

return to the jury room and deliberate and return with a unanimous verdict."

The jury again retired to deliberate. During that time, the jury communicated to the trial court that the vote had been unanimous to convict on all counts, but one juror had expressed doubt during initial deliberations and "that juror could not state what she [did] not truly feel" during the unexpected polling. The note also indicated that the jury did not feel they would be able to convince her otherwise and expected a similar result again.

Defense counsel twice moved for a mistrial during these deliberations, arguing that the jury had not followed the trial court's instructions, that continued deliberations would not be fair, and that the court should respect the wishes of the dissenting juror. The trial court denied the motions and allowed the deliberations to continue. After approximately one hour of further deliberation, the jury again returned with a guilty verdict on both counts. When polled a second time, all twelve jurors affirmed that they agreed with the verdicts.

Our review of the motion court's denial of a Rule 29.15 motion for post-conviction relief is limited to a determination whether the findings of fact and conclusions of law are clearly erroneous. Rule 29.15(k); *Kelley v. State*, 24 S.W.3d 228, 231 (Mo.App. 2000). " 'The motion court's determination is clearly erroneous only if, after reviewing the entire record, the appellate court has a definite and firm impression that a mistake has been made.' " *Id.* (quoting *State v. Weston*, 926 S.W.2d 920, 923 (Mo.App. 1996)). *See also Moss v. State*, 10 S.W.3d 508, 511 (Mo. banc 2000).

Movant contends the motion court erred in failing to find that he received ineffective assistance of counsel. To establish that defense counsel's assistance was so ineffective as to require reversal of a conviction, Movant must establish that defense counsel's performance was deficient and that the deficiency prejudiced the defense. *Kelley* at 232. *See also Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Movant must satisfy both the performance prong and the prejudice prong in order to prevail in his claim of ineffective assistance of counsel, and if Movant fails to satisfy either prong, we need not consider the other. *Kelley* at 232. *See also State v. Phillips*, 940 S.W.2d 512, 522 (Mo. banc 1997).

In our review, we strongly presume that defense counsel rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment. *Kelley* at 232. *See also Strickland*, 466 U.S. at 690, 104 S.Ct. 2052; *Floyd v. State*, 77 S.W.3d 98, 101 (Mo.App. 2002). We also presume that any challenged action was sound trial strategy. *Kelley* at 232. Furthermore, in order to prove prejudice Movant must show a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id. See also Strickland*, 466 U.S. at 694, 104 S.Ct. 2052. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.*

■ Turning to Movant's ineffective assistance of counsel claim, we find that Movant has failed to establish that his counsel's performance was deficient. Here, the trial judge was confronted with a novel situation in that a juror, when polled, indicated that she did not agree with the guilty verdict submitted by the jury. The prosecutor then indicated that the verdict must be unanimous and requested that the jurors be instructed to follow the instructions and return with a unanimous decision. In response, the trial court stated to the jury: "On the basis of

the poll, ladies and gentlemen, your verdicts will be rejected. And I will ask you to return to the jury room and deliberate and return with a unanimous verdict."

■ We have already determined in Movant's direct appeal that the trial court's instruction to the jury did not constitute reversible error. *Barnett*, 16 S.W.3d at 705. We also found that the instruction caused no manifest injustice or miscarriage of justice and did not warrant plain error relief under Rule 30.20. *Id.* at 706. While Movant's appeal now rests upon defense counsel's deficient performance instead of trial court error, we cannot ignore our earlier determination that the trial court's actions were the proper response to a situation involving an improper verdict. "When a jury returns a verdict in improper form, it is the trial court's duty to refuse to accept the verdict and require further deliberations until a verdict in proper form is returned." *Id.* at 705. "[T]he trial court in the instant case was obliged to reject the verdicts (as it did) and ask the jurors to deliberate further and return with unanimous verdicts." *Id.*

■ "Mere failure to object is not ineffective assistance of counsel, and trial counsel is not ineffective for failing to make non-meritorious objections." *State v. Lewis*, 874 S.W.2d 420, 427 (Mo.App. 1994) (citations omitted). As found in *Barnett*, the trial court's instruction to the jury was proper and in conformity with the law. Therefore, even if defense counsel had objected to the trial court's verbal instruction, the objection would have lacked merit. Defense counsel's performance was not deficient for failing to make a non-meritorious objection.

■ Movant also seeks postconviction relief for defense counsel's failure to request an instruction under MAI–CR3d 312.10 directing each juror not to agree to a guilty verdict unless convinced of the defendant's guilt beyond a reasonable doubt. As a result, Movant contends that a doubtful juror was pressured into changing her vote to guilty in order to achieve a unanimous verdict. We note that the jury had earlier received Instruction 11 which is set forth marginally.[1]

MAI–CR3d 312.10, also known as the "hammer instruction," states:

You should make every reasonable effort to reach a verdict, as it is desirable that there be a verdict in every case. Each of you should respect the opinions of your fellow jurors as you would have them respect yours, and in a spirit of tolerance and understanding endeavor to bring the deliberations of the whole jury to an agreement upon a verdict. Do not be afraid to change your opinion if the discussion persuades you that you should. But a juror should not agree to a verdict that violates the instructions of the Court, nor should a juror agree to a verdict of guilty unless he is convinced of the defendant's guilt beyond a reasonable doubt.

A trial court may give the hammer instruction when it "deems it appropriate and when the length of deliberation or communication from the jury causes the Court to believe that the jury may be deadlocked." *State v. Johnson*, 948 S.W.2d 161, 164 (Mo.App.1997) (quoting

---

1. The record indicates that Instruction No. 11 stated in pertinent part: "You will then discuss the case with your fellow jurors. Each of you must decide the case for yourself, but you should do so only after you have considered all the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors. Your verdict, whether guilty or not guilty, must be agreed to by each juror. Although the verdict must be unanimous, the verdict should be signed by your foreperson alone."

MAI–CR3d 312.10, Notes on Use 2). The trial court has discretion in deciding whether or not to give the hammer instruction and abuses that discretion only if the instruction coerces the jury's verdict. *Id.*

As indicated, a person seeking postconviction relief based on ineffective assistance of counsel must demonstrate that his counsel failed to exercise the customary skill and diligence that a reasonably competent attorney would exercise under substantially similar circumstances and that he was prejudiced by that deficiency. *See Kelley,* 24 S.W.3d at 232; *Strickland,* 466 U.S. at 687, 104 S.Ct. 2052. There is a strong presumption that defense counsel's performance constituted sound trial strategy. *Kelley* at 232.

Here, we find no indication that defense counsel failed to exercise any of the customary skill and diligence expected in such a situation. Defense counsel testified that he was aware of the hammer instruction at the time of the trial but stated he did not believe the hammer instruction would "cure" the "juror's decision." Instead, defense counsel twice requested a mistrial on the grounds that further deliberations by the jury would not be proper. Such appears to be a reasonable trial strategy, and we find that the motion court did not clearly err in holding that defense counsel was not ineffective for failing to request the hammer instruction.[2]

Our review of the record does not leave us with a definite and firm impression that a mistake was made. The trial court properly acted in its response to the improper

verdict and in its subsequent instructions to the jury. Therefore, defense counsel had no meritorious objection to make. Furthermore, defense counsel's decision not to request the hammer instruction was sound trial strategy and did not prejudice Movant. Movant's point is denied.

The judgment of the motion court is affirmed.

GARRISON and BARNEY, JJ., concur.

---

**2.** Unlike this case, we note that most appeals regarding MAI CR3d 312.10 involve a claim that giving this instruction is improper due to a negative impact on the defendant's chances of acquittal. *See, e.g., State v. Copple,* 51 S.W.3d 11, 14 (Mo.App.2001) (defendant argued instruction was intended to "basically hammer the last person into submission"); *State v. Garrison,* 943 S.W.2d 847, 849 (Mo. App.1997) (defendant argued that jury interpreted instruction to mean "the minority should listen to the majority"). In this situation, where eleven jurors sought to convict and only one felt otherwise, it is a reasonable trial strategy for a defense counsel *not* to seek the hammer instruction.