

# In the Missouri Court of Appeals Eastern District

## DIVISION FOUR

DANIEL K. MCKAY, ) No. ED103847
)
Appellant, ) Appeal from the Circuit Court
) of St. Charles County
vs. )
) Honorable Nancy L. Schneider
STATE OF MISSOURI, )
)
Respondent. ) FILED: August 23, 2016

## Introduction

Daniel McKay ("McKay") appeals the motion court's denial of his Rule 29.15[1] motion for post-conviction relief without an evidentiary hearing following his conviction on two counts of selling a controlled substance and one count of possession of a concealed firearm. McKay claims that his trial counsel was ineffective for not filing a motion to suppress a statement that McKay made to police officers after his arrest. Because the facts alleged in McKay's motion— even if true—do not demonstrate that trial counsel's strategic decisions regarding McKay's statement were unreasonable, McKay has failed to allege facts warranting relief on his claim for ineffective assistance of counsel. The motion court did not clearly err in denying McKay's

---

[1] All rule references are to Mo. R. Crim. P. (2015).

motion for post-conviction relief without an evidentiary hearing. The motion court's judgment is affirmed.

## Factual and Procedural History

Following a jury trial, McKay was convicted of two counts of selling a controlled substance and one count of unlawful possession of a firearm. On direct appeal, this Court outlined the facts of the underlying crime:

> Viewed in the light most favorable to the verdict, the following evidence was adduced at trial. In May 2010, a confidential informant (CI) informed Detective Eric Feagans (Det. Feagans) that [McKay] was selling heroin. The CI set up a May 25, 2010, heroin buy between [McKay] and Det. Feagans in the parking lot of Gingham's Restaurant. The buy went as planned and Det. Feagans purchased a gram and a half of heroin from [McKay] for $300.00. The CI set up another buy for May 26, 2010, on which Det. Feagans met [McKay] in a Taco Bell parking lot and purchased two grams of heroin from him for $400.00. [McKay] was then stopped after leaving the scene of this transaction, arrested, and on May 27, 2010, charged by complaint filed by the St. Charles prosecuting attorney with two counts of sale of a controlled substance and unlawful possession of a firearm.

State v. McKay, 411 S.W.3d 295, 297 (Mo. App. E.D. 2013).

McKay's current appeal focuses on the events occurring immediately after his arrest. Deputy Daniel Disterhaupt ("Deputy Disterhaupt") arrested McKay, and Lieutenant Michael Marshall ("Lt. Marshall") came upon the scene soon thereafter.

At trial, the State called Lt. Marshall as a witness. When asked what happened as he arrived on the scene, Lt. Marshall testified:

> The suspect was already out of the car, the marked unit had stopped him, had asked the suspect to get out of the car. And I approached to talk to them, got to the officer that made the stop at that time[;] while talking with the officer, **the suspect stated I am not going to find my money on him.** (Emphasis added.)

Lt. Marshall emphasized that he had *not* asked McKay any questions before McKay's statement. The State did not call Deputy Disterhaupt in its case-in-chief.

2

After the State rested its case, McKay called Deputy Disterhaupt as a defense witness. Deputy Disterhaupt acknowledged that he was the officer who arrested McKay. Deputy Disterhaupt also testified regarding McKay's statement to police. Deputy Disterhaupt testified that three or four detectives approached McKay after the arrest. This exchange followed:

Q. Did you observe [officers] asking any questions of my client?
A. I did. It was just briefly. I didn't hear everything that was said because I was just within earshot. I wasn't hanging onto the whole incident.
Q. Okay. What were they asking my client?
A. They talked about where the rest of the drugs were. Where their money was, stuff like that.
Q. The buy money, is that what they are talking about?
A. Yes, he actually had some money on him at the time. I told Lieutenant Marshall about it.
Q. Now, in response to those questions, did you hear my client say anything?
A. Yes. He said he didn't have their money. He said he didn't have any drugs.
Q. Okay. And just to clarify, he said that after he was asked where these items were?
A. Correct.

After the arrest, police did not find the "buy money" that Det. Feagans had used to purchase the drugs. During closing argument, the prosecutor used Lt. Marshall's version of McKay's statement to suggest to the jury that McKay had disposed of the money before his arrest:

And the money certainly may have been dumped in the parking lot too. What does he say when Lieutenant Mike Marshall walks up? **You ain't going to find your money**. He knows that money is not going to be found. Why did he make that statement unless he's hid it or dumped this money, that money. (Emphasis added.)

McKay's trial counsel rebutted the State's argument by emphasizing Deputy Disterhaupt's account of McKay's statement:

There is a lot of talk about my client making this, you know, supposedly spontaneous statement, you are not going to find your money on me. Well, that's what Lieutenant Marshall says, my client just blurted that out when he walked up to him. But you heard from Deputy Disterhaupt, the first deputy there to deal with my client, the first law enforcement who dealt with him, and he says,

3

detectives were asking my client questions, hey, where is the money? Where are the drugs? They wanted to know where in the hell it was. My client simply says, you are not going to find your money on me. He doesn't have it. He never had it.

The jury convicted McKay on each count, and the trial court sentenced him to a total of twenty years in prison.[2] McKay's appointed counsel filed an amended motion for post-conviction relief, alleging McKay was denied effective assistance of counsel because trial counsel did not seek to suppress McKay's statement to police. The amended motion alleged that McKay would have prevailed on a motion to suppress because McKay was not Mirandized[3] before making any statement to police while in custody, and that there was a reasonable probability the trial court would have excluded the statement. McKay alleged that the jury treated his statement as evidence that he had in fact received the money from law enforcement in exchange for heroin.

The motion court denied McKay's amended motion without an evidentiary hearing. The motion court denied the motion for three reasons: (1) a motion to suppress would have been denied because McKay's statement was spontaneous and not in response to questioning by law enforcement; (2) trial counsel made the strategic decision not to seek suppression of the statement and instead to call Deputy Disterhaupt to testify that he heard law enforcement officers questioning McKay before he made the incriminating statement; and (3) even if a motion to suppress had been granted, the ruling would have been overturned at trial after the court heard testimony. This appeal follows.

---

[2] On direct appeal, we reversed in part and remanded for the limited purpose of conducting an evidentiary hearing on whether McKay's constitutional speedy-trial right was violated. State v. McKay, 411 S.W.3d 295, 306 (Mo. App. E.D. 2013). The trial court held an evidentiary hearing on remand, finding that McKay's right to a speedy trial was not violated, and we affirmed on a second direct appeal in an unpublished memorandum opinion. State v. McKay, 460 S.W.3d 480 (Mo. App. E.D. 2015).
[3] Miranda v. Arizona, 384 U.S. 436 (1966).

4

## Point on Appeal

McKay's sole point on appeal alleges that his trial counsel was ineffective for failing to file a motion to suppress McKay's statement to police denying having money on his person after his arrest.

## Standard of Review

In reviewing the denial of a Rule 29.15 motion, we presume that the motion court's findings were correct. Zink v. State, 278 S.W.3d 170, 175 (Mo. banc 2009). Given this deference, a "motion court's judgment will be overturned only when either its findings of facts or its conclusions of law are clearly erroneous." Id.; Rule 29.15(k). We will only find clear error when we are left with a "definite and firm impression" that the motion court made a mistake. Zink, 278 S.W.3d at 175.

Here, the motion court not only denied McKay's motion, but also denied McKay an evidentiary hearing on the claims raised in the motion. To demonstrate clear error in the denial of an evidentiary hearing, a movant must show: (1) that his motion alleged facts, not conclusions, warranting relief; (2) that the facts alleged were not conclusively refuted by the files and records in the case; and (3) that the movant suffered prejudice. Baumruk v. State, 364 S.W.3d 518, 525 (Mo. banc 2012) (citing State v. Driver, 912 S.W.2d 52, 55 (Mo. banc 1995)).

## Discussion

To prevail on a claim of ineffective assistance of counsel, the movant must show by a preponderance of the evidence that (1) his attorney failed to exercise the customary skill and diligence that a reasonably competent attorney would perform under similar circumstances and (2) he was prejudiced thereby. Sanders v. State, 738 S.W.2d 856, 857 (Mo. banc 1987) (citing Strickland v. Washington, 466 U.S. 668, 687 (1984)). To satisfy the performance prong of the Strickland test, the movant must overcome the strong presumption that any challenged action

5

was sound trial strategy. Zink, 278 S.W.3d at 176 (emphasis added). To overcome this presumption, the movant must show "specific acts or omissions of counsel that, in light of all the circumstances, fell outside the wide range of professional competent assistance." Id. The prejudice prong is satisfied only if the movant demonstrates that, "absent the claimed errors, there is a reasonable probability that the outcome would have been different." Id.

"A decision made by counsel based on reasonable trial strategy is virtually unchallengeable; rarely will a strategic decision of counsel be declared so unsound as to constitute ineffective assistance of counsel." Tucker v. State, 468 S.W.3d 468, 473 (Mo. App. E.D. 2015). We determine the reasonableness of a particular decision at the time trial counsel made the decision, taking into account the circumstances of the case. Id.

The record shows that trial counsel sought to use McKay's statement affirmatively as exculpatory evidence, i.e., as evidence that McKay did not have the officers' buy money and that McKay did not have any drugs. Trial counsel called Deputy Disterhaupt as a defense witness to testify about the statement made by McKay to Lt. Marshall. At closing argument, trial counsel pursued his contention that McKay's statement was evidence of his innocence supporting McKay's claim that he never possessed either the purported drugs or buy money. The trial court found trial counsel's decision to call Deputy Disterhaupt as a witness and use McKay's statement as exculpatory evidence to be "clearly trial strategy."

McKay avers in his amended motion that because he made the statement at issue during a custodial interrogation, trial counsel should have filed a motion to suppress that statement as a violation of his Miranda rights. McKay posits that because his counsel might have prevailed on the motion to suppress, defense counsel was required to file that motion. While it is possible that the trial court may have ruled favorably for McKay on a motion to suppress, McKay does not

6

assert in his amended motion why trial counsel's strategy to *use* McKay's statement as evidence of McKay's innocence was an unreasonable strategy to assert McKay's innocence of the charges. Trial counsel argued to the jury that McKay was truthful about telling the officers he did not have any drugs or money. The jury verdict confirms that trial counsel's strategy was not successful. But, whether this strategy was the best course of defense to have used is not the question for our review. We are limited to reviewing the facts and determining if the strategy employed by counsel was so unreasonable as to support a claim for ineffective assistance of counsel. By not seeking to suppress McKay's statement, trial counsel created an opportunity to use the statement as potential exculpatory evidence. McKay's motion does not suggest why counsel's strategic decision was "so unsound as to constitute ineffective assistance of counsel." Tucker, 468 S.W.3d at 473.

Even accepting the facts alleged in McKay's amended motion as true, we reject McKay's argument that such facts warrant relief because the facts do not rebut the strong presumption that trial counsel exercised reasonable trial strategy with regard to using McKay's statement. Because the facts alleged in McKay's amended motion do not warrant relief, the trial court did not clearly err in denying the motion without an evidentiary hearing. Point denied.

### Conclusion

The judgment of the motion court is affirmed.

KURT S. ODENWALD, Judge

James M. Dowd, P.J., concurs.
Gary M. Gaertner, Jr., J., concurs.